US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 1 1 2019

DOUGLAS F. YOUNG, Clerk
By
                Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SAMANTHA EDWARDS, Individually, and                                    PLAINTIFF
as SPECIAL ADMINISTRATRIX of the ESTATE
of WILLIAM BOBBY WRAY EDWARDS, Deceased,
and ARLEIGH GRAYCE EDWARDS, Deceased; and as
PARENT and NEXT FRIEND for PEYTON HALE, a Minor

VS.                        NO. _19-4018_

ERIC JAMES CORNELL THOMAS                                              DEFENDANTS
and McELROY TRUCK LINES, INC.

## COMPLAINT

COMES NOW the Plaintiff Samantha Edwards, Individually and as Special Administratrix of the Estates of William Bobby Wray Edwards, deceased, and Arleigh Grayce Edwards, deceased, and as Parent and Next Friend of Peyton Hale, a Minor, by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for her Complaint against the Defendants, states and alleges the following:

### I. RESIDENCY & PARTIES

1.  Plaintiff Samantha Edwards was at all times relevant a citizen and resident of Mineral Springs, Howard County, Arkansas.

2.  Plaintiff Samantha Edwards is the duly appointed Special Administratrix of the Estate of William Bobby Wray Edwards, deceased, having been appointed by the Circuit Court of Howard County, Arkansas on August 31, 2018. **Exhibit 1**.

3.  The deceased, William Bobby Wray Edwards, prior to his death, resided with his wife, Plaintiff Samantha Edwards, in Mineral Springs, Howard County, Arkansas.

4. Plaintiff Samantha Edwards is the duly appointed Special Administratrix of the Estate of Arleigh Grayce Edwards, deceased, having been appointed by the Circuit Court of Howard County, Arkansas on August 31, 2018. **Exhibit 2**.

5. The deceased, Arleigh Grayce Edwards, prior to her death, resided with her mother, Plaintiff Samantha Edwards and her father, the deceased William Bobby Wray Edwards, in Mineral Springs, Howard County, Arkansas.

6. Plaintiff Samantha Edwards is the natural mother and natural guardian of Peyton Hale, a minor, and as such will be suing on his behalf as Next Friend pursuant to Federal Rule of Civil Procedure 17.

7. At all times relevant, Peyton Hale, resided with his mother, Plaintiff Samantha Edwards, and his step-father, the deceased William Bobby Wray Edwards in Mineral Springs, Howard County, Arkansas.

8. Separate Defendant Eric James Cornell Thomas was at all times relevant a citizen and resident of Natchez, Adams County, Mississippi.

9. At all times relevant, Separate Defendant McElroy Truck Lines, Inc. was a registered corporation with the Secretary of State of Alabama, with its principal place of business at 111 US Highway 80 Spur Road, Cuba, Alabama 36907. Separate Defendant McElroy's registered agent for service of process is J C McElroy, Jr., whose principal business address is P.O. Box 104, Cuba, Alabama 36907 or 111 US Highway 80 Spur Road, Cuba, Alabama 36907.

10. At all times relevant, Defendant McElroy conducted its trucking business in and around Arkansas and maintained significant contacts with the state of Arkansas through its trucking business.

11. The incident giving rise to this cause of action occurred at the intersection of Highway

371 and Highway 355, Howard County, Arkansas.

## II. JURISDICTION AND VENUE

12. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

13. The United States District court for the Western District of Arkansas, Texarkana Division, has original jurisdiction of this case pursuant to 28 U.S.C. §1332 as the Plaintiff, Samantha Edwards, the decedents William Bobby Wray Edwards and Arleigh Grayce Edwards and the minor Peyton Hale, all were residents of Mineral Springs, Howard County, Arkansas at the time of the incident; Defendant Thomas was a resident of Natchez, Adams County Mississipi, and; Defendant McElroy's principal place of business was Cuba Alabama, and the amount in controversy exceeds $75,000, the amount required for federal court jurisdiction in diversity of citizenship cases.

14. Venue for this case is governed by 28. U.S. C. § 1391. Venue lies properly in the Western District of Arkansas, Texarkana Division, as the Plaintiff is a resident of Howard County, Arkansas, and the incident from which this complaint arises occurred in Howard County, Arkansas.

## III. BASIC PREMISE

15. This is a negligence case arising from a motor vehicle collision that occurred at the intersection of Highway 371 and Highway 355, Howard County, Arkansas, on or about August 2, 2018, when Separate Defendant Thomas, while working in the scope of his employment with Defendant McElroy, failed to stop at a stop sign which caused his 2016 International tractor and trailer to collide with the vehicle the deceased Mr. William Bobby Wray Edwards was driving (Arleigh Grayce Edwards and Peyton Hale were passengers in Edwards' vehicle).

## IV. FACTS

16. All of the allegations previously plead herein are re-alleged as though stated word-for-

word.

17. On or about August 2, 2018, at approximately 10:46 am, the decedent William Bobby Wray Edwards was traveling westbound on US Highway 371 in Howard County, Arkansas in a 2003 Ford F-150.

18. At such time, Bobby Edwards's daughter, Arleigh Edwards, and his step-son, Peyton Hale, were passengers in his vehicle.

19. On or about August 2, 2018, Separate Defendant Thomas was an employee of McElroy Truck Lines, Inc. and at the time of the collision, Defendant Thomas was working in the course and scope of his employment and/or agency with Defendant McElroy.

20. On or about August 2, 2018, at approximately 10:46 am, Separate Defendant Thomas was traveling northbound on Highway 355 in Howard County, Arkansas in a 2016 International Prostar Semi Truck with a flatbed trailer in tow.

21. As Separate Defendant Thomas approached the intersection of Highway 355 and Highway 371, he failed to stop at the posted stop sign which caused him to run through the intersection and collide with William Bobby Wray Edwards's vehicle.

22. As a result of the collision, William Bobby Wray Edwards and his daughter, Arleigh Edwards, were killed, and Edwards's step-son, Peyton Hale, suffered severe personal injuries.

23. Prior to his death, William Bobby Wray Edwards was gainfully employed and earing a livelihood for himself and contributing to his family.

24. William Bobby Wray Edwards was 33 years of age and was a healthy, able-bodied man with a normal life expectancy.

25. The deceased, William Bobby Wray Edwards, left surviving him, his wife, Plaintiff Samantha Edwards, his sons, David Edwards and Aiden Edwards, and step-son Peyton Hale (with

4

whom Bobby Edwards stood in loco parentis), each of whom have suffered and will continue to suffer mental anguish by reason of such wrongful death.

26. Prior to her death, Arleigh Grayce Edwards was 2 years of age, a happy, able-bodied young girl with a normal life expectancy.

27. The deceased, Arleigh Grayce Edwards, left surviving her, her mother, Plaintiff Samantha Edwards, and her three brothers, David Edwards, Aiden Edwards, and Peyton Hale, each of whom have suffered and will continue to suffer mental anguish by reason of such wrongful death

28. At the time of the collision, William Bobby Wray Edwards stood in loco parentis to his step-son, Peyton Hale, by way of providing financial, emotional and parental support and guidance to Peyton Hale.

## V. CAUSE OF ACTION - NEGLIGENCE OF SEPARATE DEFENDANT THOMAS

29. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

30. Separate Defendant Thomas was negligent when he failed to stop at the posted stop sign, and drove through the intersection at Highway 371 and Highway 355 in a willful and wanton manner and in total disregard for the rights and safety of others.

31. Defendant Thomas was negligent in the following particulars:

    (a) Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

    (b) Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

    (c) Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

    (d) Operating a vehicle in such a manner which would cause a failure to maintain

        control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(e)   Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(f)   Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(g)   Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(h)   Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(i)   Using and talking on a phone at the time of the collision which distracted him from driving and keeping proper lookout; and

(j)   Otherwise failing to exercise ordinary care under the circumstances.

## VI. CAUSE OF ACTION - NEGLIGENCE OF SEPARATE DEFENDANT MCELROY

32.   All of the allegations previously plead herein are re-alleged as though stated word-for-word.

33.   Defendant McElroy was negligent in the following particulars:

(a)   Failing to have adequate policies and procedures regarding its drivers driving and using a phone simultaneously;

(b)   Failing to adequately train, educate, direct, prepare, set policy or give guidance to its drivers regarding driving and using a phone simultaneously;

(c)   Failing to adequately train, educate, direct, prepare, set policy or give guidance to its drivers regarding safe driving practices;

(d)   Failing to exercise ordinary care with respect to training, educating, directing, preparing, setting policy or giving guidance to its drivers regarding safe driving practices; and

(e)   Otherwise failing to exercise ordinary care under the circumstances.

## VII. CAUSE OF ACTION - RESPONDEAT SUPERIOR LIABILITY

34. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

35. At all times relevant, Separate Defendant Thomas was an employee of Separate Defendant McElroy Truck Lines, Inc.

36. At the time of the incident, Separate Defendant Thomas was acting within the scope of his employment with Defendant McElroy.

37. Separate Defendant McElroy Truck Lines, Inc. is legally responsible and vicariously liable for the negligence of its agent and employee, Defendant Thomas, under the legal doctrines of joint enterprise, respondeat superior, and the principles of agency as adopted in the State of Arkansas.

38. The negligence of Defendant Thomas is imputed to Defendant McElroy Truck Lines, Inc. as a matter of law.

## VIII. PROXIMATE CAUSATION

39. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

40. The Defendants' negligence was an actual and proximate cause of the collision described herein and of the personal injuries and damages sustained by Plaintiffs.

## IX. INJURIES AND COMPENSATORY DAMAGES

41. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

42. William Bobby Wray Edwards and Arleigh Grayce Edwards sustained severe personal injuries and died, and Plaintiffs sustained damages, as a result of the collision.

43. William Bobby Wray Edwards and his daughter, Arleigh Grayce Edwards, experienced extreme terror immediately before and after the collision.

44. William Bobby Wray Edwards and Arleigh Grayce Edwards incurred medical expenses as a result of the incident.

45. The Estate of William Bobby Wray Edwards and Arleigh Grayce Edwards, who are represented in this litigation by Plaintiff Samantha Edwards, Special Administratrix, have incurred funeral expenses and medical expenses.

46. Peyton Hale, a minor, has suffered physical injury, emotional injury and required medical and other health treatment and will require said treatment into the future.

47. Plaintiff, Samantha Edwards, has incurred medical expenses and other expenses for and on behalf of her son, Peyton Hale, all of which were proximately caused by the Defendants' negligence.

48. Plaintiff is entitled to recover under Arkansas law for William Bobby Wray Edwards's and Arleigh Grayce Edwards's wrongful death and survival damages for their heirs at law under A.C.A. §16-62-102 and A.C.A. §16-62-101, which includes, but are not limited to, the following measure of damages:

(a) pecuniary injuries sustained, including benefits, goods, and services that the decedents would have contributed, including the instruction, moral training, and supervision of education that might have reasonably been given;

(b) mental anguish suffered in the past and reasonably certain to be suffered in the future;

(c) Reasonable value of funeral expenses;

(d) conscious pain and suffering of the decedents prior to their death;

(e) conscious pain and suffering Peyton Hale has suffered in the past and is reasonably

      certain to suffer in the future;

(f)     value of any earnings, profits or salary lost by the decedents' and their heirs;

(g)     loss of earning capacity suffered by Peyton Hale;

(h)     any scars, disfigurement and visible results of the injuries sustained by the decedents and Peyton Hale;

(i)     the decedents' loss of life.

49.     Plaintiff hereby demands loss of life damages to the full extent allowed under Arkansas law for the death of William Bobby Wray Edwards and Arleigh Grayce Edwards.

50.     Plaintiff claims all damages allowed by Arkansas law for the wrongful death of William Bobby Wray Edwards and Arleigh Grayce Edwards.

51.     The heirs at law of William Bobby Wray Edwards, including Peyton Hale with whom Edwards stood in loco parentis, and the heirs at law of Arleigh Grayce Edwards are entitled to recover damages for the wrongful death of William Bobby Wray Edwards and Arleigh Grayce Edwards.

52.     Plaintiff, Samantha Edwards, was married to the decedent, Bobby Edwards at the time of his death and Samantha Edwards is entitled to recover for loss of consortium and be awarded damages for the reasonable value of any loss of the services, society, companionship, and marriage relationship of her husband proximately caused by the Defendants' negligence.

53.     The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## X. DEMAND FOR JURY TRIAL

54.     Plaintiff Samantha Edwards respectfully requests a trial by jury.

## XI. DEMAND & PRAYER

WHEREFORE, Plaintiff Samantha Edwards respectfully prays for judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and which is sufficient to fully compensate Plaintiff for any and all damages Plaintiff is entitled to recover under Arkansas law, including pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which she may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By: _Jeremy McNabb by OT_

Jeremy McNabb (Ark. Bar No. 2003083)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222
Telephone: (501) 868-2500
Telefax: (501) 868-2508
mcnabb@rainfirm.com