IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SAMATHA EDWARDS                                                                        PLAINTIFF
*Individually and as Special Administratrix of*
*the Estate of William Bobby Wray Edwards (Deceased),*
*Arleigh Grayce Edwards (Deceased); and Parent*
*and Next Friend of Peyton Hale (a Minor)*

vs.                                         Civil No. 4:19-cv-04018

ERIC JAMES CORNELL THOMAS and
MCELROY TRUCK LINES, INC.                                                           DEFENDANTS

# ORDER

Before the Court are Plaintiff's Motion to Compel Discovery (ECF No. 20) and Defendants' Motion to Compel (ECF No. 33). The Parties have responded to these Motions, and these motions have been referred to the undersigned for consideration. The Court held a hearing on these motions on January 17, 2020. At that time, the Court orally ruled on the majority of these issues; and consistent with those findings, enters the following order.[1]

1. **Plaintiff's Motion (ECF No. 20)**

As to Plaintiff's Motion to Compel (ECF No. 20), the Court enters the following order as to the disputed Interrogatories and Requests for Production:

   a. **Discovery Directed to Defendant McElroy**:

   - **Interrogatory No. 1**: Identify and explain each communication of any kind between any federal and/or state agency and McElroy Truck Lines, Inc. that involved compliance (or noncompliance) with state and/or federal laws and/or regulations in the past 5 years. This would include, but is not limited to, all letters, interventions, complaints, warnings, citations, and safety ratings.

---

[1] To the extent this written Order is different from the Court's ruling on the record at the hearing on January 17, 2020, the written Order is controlling.

1

- **Request for Production No. 1**: Please produce for inspection and copying any document which relates to the response to Interrogatory No. 1.

Interrogatory No. 1 and Request for Production No. 1 are **GRANTED** with two limitations: (1) the information requested is limited to three (3) years preceding the request and (2) the information requested is limited to documents or information McElory provided to any government agency, to include reports of crashes, reports of injury crashes, reports of fatality crashes, compliance reviews, MCS 150 forms, and any other information provided for maintenance of company snapshots by the FMCSA Management Information Systems.

- **Interrogatory No. 2**: Describe in detail the steps taken by Defendant upon learning of the collision in this case, including but not limited to whether Eric James Cornell Thomas committed an infraction that caused a preventable collision, whether he should be returned to service to drive for Defendant again, whether he was impaired or distracted while riving which caused or contributed to the collision.

- **Request for Production No. 2**: Please produce for inspection and copying any document created or reviewed in the investigation referenced in the response to Interrogatory No. 2.

Defendant has complied with this discovery request. Interrogatory No. 2 and Request for Production No. 2 are **DENIED.**

- **Request for Production No. 3**: Please produce for inspection and copying all McElroy Truck Lines, Inc.'s policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for Eric James Cornell Thomas at the time of the Subject Incident.

Request for Production No. 3 is **GRANTED.** The Court indicated at the hearing this production would be limited to certain topics (to be identified by the Court); however, upon closer inspection, the Court finds no such limitation is necessary because this request only seeks those documents "that were in effect for Eric James Cornell Thomas at the time of the Subject Incident."

- **Request for Production No. 5**: Please produce the complete driving record for Defendant Eric James Cornell Thomas to include, but not limited to all accidents, citations, tickets, moving violations, and convictions, within the last ten (10) years.

Defendant has complied with this discovery request. Request for Production No. 5 is **DENIED.**

- **Request for Production No. 6**: Please produce all maintenance and repair records for 2016 International Tractor and/or trailer for the time period from 12 months before the collision to the present.

Request for Production No. 6 is **DENIED.**

Requests for Production Nos. 9, 10, and 12 were **WITHDRAWN** by the Plaintiff.

- **Request for Production No. 13**: Please produce any report made by any Defendant relating to this Collision.

Defendant has complied with this discovery request. Request for Production No. 13 is **DENIED.**

  b. **Discovery Directed to Defendant Thomas**

- **Interrogatory No. 8**: Please describe any investigation you are aware of or involved in regarding this collision whether through the Defendant company, its agents, policing or regulatory authorities including the conclusions reached.

Defendant has complied with this discovery request. Interrogatory No. 8 is **DENIED.**

- **Interrogatory No. 9**: Please state whether any disciplinary action was taken by Defendant company against you as a result of the collision in this case or for any other reason and please identify the person in Defendant company that supervised you or was otherwise responsible for determining whether disciplinary action was warranted against you.

Interrogatory No. 9 is **GRANTED.**

- **Interrogatory No. 11**: Please describe all conversations you had with any Defendant company employee or third party about the collision or this lawsuit.

Interrogatory No. 11 is **GRANTED.**

- **Interrogatory No. 12**: Please describe the impact on you personally and professionally for having been involved in causing this collision.

Interrogatory No. 12 is **DENIED.**

- **Interrogatory No. 14**: Please describe what the Defendant company could have done to avoid this collision occurring.

Interrogatory No. 14 is **GRANTED.**

- **Request for Production No. 4**: Please produce a copy of all social medial [media] outlet posting, including but not limited to, Facebook, Instagram, etc., which relate to or reference the collision at issue in suit.

Defendant has complied with this discovery request. Request for Production No. 4 is **DENIED.**

- **Request for Production No. 5**: Please produce a copy of cell phone records for Defendants for August 2, 2018.

Request for Production No. 5 is **DENIED.** Plaintiff indicates she has requested these records from the providers.

- **Request for Production No. 7**: Please produce a copy of Eric James Cornell Thomas' driver's license including but not limited to any licensed issued to him for vehicular operations.

Defendant has complied with this discovery request. Request for Production No. 7 is **DENIED.**

Request for Production No. 8 is **WITHDRAWN.**

- **Request for Production No. 9**: Please produce for copying and inspection an itemized listing of all phone calls and text messages made both to and from each cellular phone, and nay emails sent and/or received from each cellular phone for the hour immediately prior to and through the two hours immediately following the incident described in the Complaint.

Request for Production No. 9 is **DENIED.** Defendant Thomas is not in possession of his phone. Due to the pending criminal charges, the police are in possession of his phone.

- **Request for Production No. 10**: Please sign the attached Authorization for Release of Driver's History and return it with your responses to these Interrogatories.

Request for Production No. 10 is **DENIED** due to the pending criminal charges against Defendant Thomas.

2. **Defendants' Motion (ECF No. 33)**

As to Defendants' Motion to Compel (ECF No. 33), the Court enters the following order as to the disputed Interrogatories and Requests for Production:

- **Interrogatory No. 3**: For each person whom you intend to call (or who you may call) as a witness at any hearing or at trial of this case, please state: (a) their full name; (b) their home address and telephone number; (c) their place of employment and work telephone number; and (d) whether they will testify as a lay or expert witness.

Interrogatory No. 3 is **GRANTED.**

- **Interrogatory No. 4**: With respect to each person identified as an expert witness, please: (a) state the subject matter on which he or she is expected to testify; (b) state *in detail* the substance of the facts and opinions to which the expert is expected to testify; (c) summarize the grounds for *each* opinion; and (d) state the style, case number, and venue for each case in which they have given testimony since August 8, 2016.

- **Request for Production No. 1**: For each person identified as an expert witness please produce a copy of: (a) his or her resume; (b) each document, whether in written or electronic form (including but not limit to correspondence, notes, medical records, emails, photographs, reports, and treatises) that concerns his or her testimony about or investigation of this case; (c) each document that the expert has reviewed in formulating opinions for the case; and (d) the expert's billing file that will reflect the full amount that the expert has worked and billed in this case.

Interrogatory No. 4 and Request for Production No. 1 are **GRANTED**.

- **Interrogatory No. 5**: Please state the name, address, and telephone number for each place(s) of employment (including, but not limited to self-employment) that William Bobby Wray Edwards had after January 1, 2010. For each such employer, please state: (a) the dates of employment; (b) job title, job description and work functions performed for the employer; and (c) the rate of pay and fringe benefits.

Interrogatory No. 5 is **GRANTED.**

- **Interrogatory No. 8**: Please list (separately for each person) the name, address, and telephone number for each physician, psychiatrist, psychologist, dentist, pharmacy, chiropractor, hospital, physical or occupational therapist, medical service provider and professional counselor from whom Samantha Edwards, William Bobby Wray Edwards, Arleigh Grayce Edwards, or Peyton Hale received any services, treatment, evaluation, or counseling after August 1, 2008.

Interrogatory No. 8 is **GRANTED.**

- **Interrogatory No. 9**: Please state (separately for each person) whether Plaintiff Samantha Edwards, William Bobby Wray Edwards, or any beneficiary of the Estate of William Bobby Wray Edwards or beneficiary of the Estate of Arleigh Grayce Edwards has ever been a party to a civil legal proceeding (including, but not limited to, divorce, personal injury, tort, worker's compensation, bankruptcy, criminal legal proceeding, or tort claim) or to a claim. If the answer is in the affirmative, then please state for each person: (a) the style and docket number of each case (or claim number of each claim) in which he or she was involved; (b) the court (if any) in which such proceedings occurred; (c) the disposition of the case or claim; and (d) the nature of that person's role in the case or claim.

Interrogatory No. 9 is **GRANTED.**

- **Interrogatory No. 10**: Please state whether any statement has been taken of any witness to the accident described in your complaint. If the answer is in the affirmative, please state the name, address and telephone number of each such witness and the date that such statement was taken. (For purposes of this interrogatory, the term "statement" does not include a deposition.)

Interrogatory No. 10 is **GRANTED.** Plaintiff objects to this interrogatory and claims this disclosure would reveal the "attorney thought-process" in selecting certain witnesses to interview. The Court disagrees and finds this interrogatory should be answered because "any verbatim non-party witness statements are neither privileged nor work product and must be produced." *Schipp et al. v. General Motors Corporation et al.,* 457 F. Supp. 2d 917, 924 (E. D. Ark. Oct. 5, 2006).

- **Interrogatory No. 11**: Please state whether William Bobby Wray Edwards had been involved in or subjected to any falls, accidents, sports injuries, fires, explosions, work-related injuries, or vehicular collisions before the August 31 (*sic*), 2018, accident, and if so, *specifically* state for each incident: (a) the date and place it occurred; (b) the nature of *every* injury sustained by William Bobby Ray

Edwards; and (c) the name(s) of all persons involved in the fall, accident, injury, fire, explosion, work injury, or collision.

Interrogatory No. 11 is **GRANTED.**

- **Interrogatory No. 12**: Please identify the source *and* amount of each and every lien and subrogation claim (including but not limited to Veteran's Administration, Medicare or Medicaid claim) pertaining to the damage, injuries and losses claimed by Plaintiff as a result of the August 31 (*sic*), 2018, accident.

Interrogatory No. 12 is **GRANTED.** Although likely not admissible, these documents qualify as a "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b).

- **Interrogatory No. 17**: If you contend that either of the defendants violated any statute, regulation, rule or industry standard in connection with the August 31 (*sic*), 2018, accident, then please state the *verbatim content of each* such statute, regulation, rule, and standard.

Interrogatory No. 17 is **GRANTED.**

- **Interrogatory No. 20:** Did decedent William Bobby Wray Edwards or Arleigh Grayce Edwards have any health, life, burial, or funeral insurance? If your answer to this interrogatory is in the affirmative, please state the following with regard to each health, life, burial and funeral policy issued in favor of or regarding each decedent: (a) Name and address of the company issuing the health, life, burial or funeral insurance policy; (b) the amount of coverage under the health, life, burial or funeral insurance policy; and (c) the name of each beneficiary under the policy.

Interrogatory No. 20 is **GRANTED** as to any health insurance benefit.

- **Request for Production No. 8**: Please produce all vehicle repair records (including repair estimates) and post- accident valuation records for the pickup truck in which William Bobby Wray Edwards was traveling at the time of the accident.

Plaintiffs have complied this discovery request. Request for Production No. 8 is **DENIED.**

- **Request for Production No. 10**: Please produce all telephone records showing phone calls and text messages from or to William Bobby Wray Edward's cell phone for August 31 (*sic*), 2018.

7

- **Request for Production No. 12**: Please produce all letters, text messages, and emails sent by or to William Bobby Wray Edward's during the two months preceding the August 31 (*sic*), 2018.

Request for Production No. 10 and Request for Production No. 12 are **DENIED** except to the extent Plaintiff is directed to provide a log of letters, text messages, and emails and label each as either "work" or "personal."

- **Request for Production No. 14**: If you or your attorneys have knowledge or possession of any document generated or rendered by any defendant or by any of defendants' associates, agents, employees or representatives that you intend to offer as evidence or otherwise rely on at trial in an effort to establish liability against either defendant, please produce a copy of each such document.

Request for Production No. 14 is **DENIED.** The Parties are reminded of their obligation to comply with this Court's Final Scheduling Order (ECF No. 9) regarding the marking and exchange of exhibits.

3. **Additional Instructions**

The Parties are directed to supply the requested documents by **January 31, 2020.** The Parties are directed to verify their discovery responses by **January 31, 2020.** Plaintiff is directed to supply a valid military and VA release by **January 31, 2020.**

The Parties are also reminded of their continuing obligation to supplement discovery responses in this matter as any new or additional information becomes available.

**ENTERED this 22nd day of January 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE