IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SAMANTHA EDWARDS, Individually, and as
SPECIAL ADMINISTRATRIX of the ESTATE
of WILLIAM BOBBY WRAY EDWARDS, Deceased,
and ARLEIGH GRAYCE EDWARDS, Deceased; and as
PARENT and NEXT FRIEND for Peyton Hale, a Minor                    PLAINTIFF


v.                                 Case No. 4:19-cv-4018


ERIC JAMES CORNELL THOMAS
and MCELROY TRUCK LINES, INC.                                      DEFENDANTS

## ORDER

Before the Court is Defendants' Motion to Stay. (ECF No. 24). Plaintiff filed a response. (ECF No. 37). Defendants filed a reply. (ECF No. 48). The Court finds the matter ripe for consideration.

## I. BACKGROUND

This case arises from an automobile collision that occurred on August 2, 2018. Defendant Eric James Cornell Thomas ("Thomas"), driving a tractor trailer in the course and scope of his employment with Defendant McElroy Truck Lines, Inc. ("McElroy"), struck another vehicle. William Bobby Wray Edwards and Arleigh Grayce Edwards suffered fatal injuries and Peyton Hale suffered personal injuries. On February 11, 2019, Plaintiff filed this action, asserting, *inter alia*, claims of negligence, wrongful death, and survival against Defendants. Defendants "have not contested civil negligence in connection with the impact." (ECF No. 25).

In August 2019, a criminal warrant was issued in the District Court of Howard County for the arrest of Thomas on two counts of negligent homicide, stemming from the August 2, 2018 collision. On December 16, 2019, Defendants filed the instant motion, requesting a stay of

discovery and of the trial setting pending the resolution of the parallel criminal charges against Thomas. Plaintiff opposes the motion.

## II. DISCUSSION

Defendants seek a stay of discovery and of the trial setting pending the resolution of the parallel criminal charges against Thomas. Plaintiff argues that no stay is needed.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of simultaneous criminal proceedings. *See Baxter v. Palmigiano*, 425 U.S. 308, 96 (1976). Thus, "[p]arallel criminal and civil proceedings are recognized as appropriate and constitutional." *S.E.C. v. Brown*, No. Civ. 06-1213PAMJSM, 2007 WL 4192000, at *1 (D. Minn. July 16, 2007), *aff'd*, No. Civ. 06-1213JRTFLN, 2007 WL 4191998 (D. Minn. Nov. 21, 2007). Nevertheless, a court may decide in its discretion to stay a civil proceeding "pending the completion of parallel criminal prosecutions when the interests of justice seem[] to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also Koester v. Am. Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993) ("A stay of a civil trial until factually related criminal proceedings are concluded is sometimes warranted."). This determination must be made on a case-by-case basis. *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980).

To warrant the stay of a civil proceeding pending the completion of a parallel criminal case, the movant must make a "strong showing either that the two proceedings are so interrelated that

he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible." *Koester*, 11 F.3d at 823 (internal citation omitted). "However, a civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege." *Id.* The Eighth Circuit has not provided further guidance on the appropriate considerations for this issue, but numerous district courts in this circuit have utilized the following five-factor test articulated by the Ninth Circuit in *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995):

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it . . . and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*See, e.g.*, *Young v. W. Memphis Police Dep't*, No. 3:11-cv-0161-BRW, 2011 WL 6033060, at *1 (E.D. Ark. Dec. 5, 2011). The Court finds the *Keating* test appropriate and adopts it for use in this case.

Before the Court begins its *Keating* analysis, it must first address Thomas's indictment status. "Courts consider the indictment status in determining whether a civil lawsuit involves issues identical to those in a criminal investigation." *State Farm Mut. Auto. Ins. Co. v. Healthcare Chiropractic Clinic, Inc.*, No. 15-cv-2527 (SRN/HB), 2016 WL 9307608, at *3 (D. Minn. Apr. 26, 2016). When there has been no indictment, the argument for staying a civil matter is "a far weaker one." *Id.* In fact, some courts have gone so far as to say that a motion to stay civil proceedings pending the resolution of a parallel criminal case may be denied solely on the basis that the movant has not been indicted. *State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, No. CIV.A. 01-5530, 2002 WL 31111766, at *2 (E.D. Pa. Sept. 18, 2002); *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 805 (E.D.N.Y. 1992)

Defendants have not shown that an indictment has been returned against Thomas in connection with the August 2, 2018 collision. Defendants also have not given any indication if or when an indictment is expected to be returned.[1] Rather, they have only showed that an arrest warrant and probable cause affidavit was issued for Thomas in Howard County, Arkansas, on two counts of negligent homicide. (ECF Nos. 24-1, 24-2). The arrest warrant's language does not comport with the Arkansas statute governing arrest warrants issued pursuant to indictments. *See* Ark. Code Ann. § 16-85-603 (providing model language for arrest warrants issued pursuant to indictments). This leaves the Court to presume that an indictment has not yet been returned against Thomas and will be forthcoming at some point after his arrest. *See* Ark. Code Ann. § 16-85-602 (contemplating, *inter alia*, the finding of an indictment after an individual has already been taken into custody or released on bail). Without evidence that an indictment has been returned against Thomas, Defendants' argument for a stay is far weaker than it otherwise would have been, as "[p]re-indictment requests for a stay of civil proceedings are generally denied." *Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. at 805. Keeping that in mind, the Court now turns to the various *Keating* factors.

**A. Plaintiff'' Interest and Potential Prejudice**

The first factor the Court must consider is "the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it . . . and the potential prejudice to plaintiffs of a delay." *Young*, 2011 WL 6033060, at *1.

Defendants argue that Plaintiff would suffer little, if any, prejudice from a stay of this

---

[1] They seem to implicitly recognize this, as they cite to a case where a district court granted a pre-indictment stay of civil proceedings pending the completion of a related criminal matter in which a grand jury had been empaneled but had not yet returned an indictment. *White v. Mapco Gas Prod., Inc.*, 116 F.R.D. 498, 503 (E.D. Ark. 1987). Crucially, however, *White* dealt with a grand jury that had already convened and was deliberating whether to return an indictment. There is no indication in this case that a grand jury has been empaneled to deliberate whether to indict Thomas, nor is there any indication when that might occur. Moreover, the motion for a stay in *White* was unopposed, *see id.* at 502, whereas Plaintiff contests the instant motion for a stay. Thus, the Court finds *White* to be distinguishable.

matter pending the resolution of the parallel criminal charges. Plaintiff responds that a potentially protracted delay of this case would substantially prejudice her. Plaintiff argues that Thomas, a Mississippi resident, has not been arrested pursuant to the warrant. Plaintiff states that Arkansas law provides a three-year limitations period in which Thomas can be served with the arrest warrant, measured from the date of the incident, and the warrant could remain pending for the full three-year period if he cannot be located for service. Defendants reply that Plaintiff's stated desire for a timely resolution of this case is undermined by her failure to cooperate with discovery requests, and that the three-year limitations period would expire in the summer of 2021, so the stay would not be indefinite.

Plaintiff is correct that she has "a legitimate interest in the expeditious resolution of [their] case." *Ruszczyk as Tr. for Ruszczyk v. Noor*, 349 F. Supp. 3d 754, 760 (D. Minn. 2018). Defendants offer no indication that an indictment has been returned against Thomas or when one might be expected. Moreover, there is no indication that Thomas has even been arrested yet. Putting aside the issue of whether Thomas might be arrested before the summer of 2021, the Court is highly reluctant to issue a stay of this case pending the resolution of a criminal proceeding that has not yet been initiated,[2] and the length of which would be unknown. With no information available as to when Thomas might be indicted or otherwise charged via a criminal information, when the ensuing criminal case would be resolved, or whether any appeals might be taken, the Court finds that a stay of this case would prejudice Plaintiff. *See Beckham-Easley*, 2002 WL 31111766, at *2 (stating that pre-indictment motions to stay are typically denied, in part, "because

---

[2] Although Defendants carry the burden of demonstrating that a stay is proper, the Court conducted independent research as to whether criminal proceedings currently exist against Thomas. The Court accessed the Arkansas Administrative Office of the Courts CourtConnect Website, https://caseinfo.arcourts.gov/cconnect/PROD/public, and, as of the date of this order, was unable to find any Arkansas criminal case featuring Eric James Cornell Thomas as a defendant and/or involving similar facts as those in this case.

of the uncertainty surrounding when, if ever, indictments will be issued"). Thus, the Court finds that this factor weighs against a stay.

**B. Burden on Defendants**

The second factor the Court must consider is "the burden which any particular aspect of the proceedings may impose on defendants." *Young*, 2011 WL 6033060, at *1.

Defendants argue that they would each be highly prejudiced if this matter is not stayed pending the resolution of the criminal charges. They argue that without a stay, Thomas, when faced with questions he must answer under oath, will be forced to decide whether to assert his Fifth Amendment right to remain silent to avoid self-incriminating statements that could be used against him in a criminal proceeding. They argue that if he asserts his Fifth Amendment rights, however, he faces the possibility that the factfinder in this case would be permitted to draw adverse inferences from his silence.[3] Thus, Defendants contend that Thomas will be unfairly required to choose between protecting himself in the criminal proceeding and defending himself in the civil litigation. Defendants further assert that, absent a stay, Thomas would unfairly be required to prepare for two trials at the same time. Defendants also argue that, because McElroy has admitted *respondeat superior* liability, it essentially stands in Thomas's shoes and its defenses largely rest on his testimony. Thus, they argue that McElroy will be left defenseless if Thomas asserts his Fifth Amendment rights.

Plaintiff argues in response that Defendants will not be prejudiced absent a stay because they have admitted liability and, thus, the jury will not be asked to determine whether Thomas caused the automobile collision at issue. Thus, Thomas will not have to decide whether to invoke his Fifth Amendment privilege and risk an adverse inference being drawn against him on that

---

[3] "The Fifth Amendment permits an adverse inference when the privilege against self-incrimination is claimed by a party in a civil case." *S.E.C. v. Brown*, 658 F.3d 858, 863 (8th Cir. 2011).

issue. Plaintiff also argues that if Defendants intend to argue at trial for apportionment of fault, Thomas's testimony will be unnecessary because the jury can simply watch the dash-cam footage from Thomas's tractor trailer to determine fault.

Defendants reply that, in a separate, unrelated case, *Rhein v. Ledwell*, Case No. 6:16-cv-6059-SOH, the Court was presented with, and rejected, an argument similar to Plaintiff's. Defendants argue that the Court in *Rhein* found that the civil defendant would be substantially prejudiced absent a stay pending the resolution of a parallel criminal case against him for negligent homicide. Defendants argue that the Court should find the same in this case.

Defendants are correct that in *Rhein*, a wrongful death and survival case arising from a fatal car collision, the Court granted a stay of discovery pending the conclusion of a parallel criminal case. The Court did so, in part, after finding that the defendant would be substantially prejudiced by being required to participate in civil discovery while the criminal case and subsequent appeal was ongoing. However, there is a critical distinction between *Rhein* and this case. In *Rhein*, it was clear that the civil defendant had been indicted, a criminal case had been filed against him in connection with the same collision at issue in the civil case, and trial was imminent. In contrast, Thomas has not shown that he has been indicted and has given no indication that a criminal case is currently pending against him, nor is it clear if and when one might be. Absent any such evidence, the Court cannot find that Thomas is presently "encumbered with the burden of developing simultaneously both criminal and civil defenses." *Fid. Nat'l Title Ins. Co. of N.Y. v. Nat'l Title Res. Corp.*, 980 F. Supp. 1022, 1025 (D. Minn. 1997). Accordingly, this factor weighs against a stay at this time.

**C. The Court's Interest**

The third factor the Court must consider is "the convenience of the court in the management

of its cases, and the efficient use of judicial resources." *Young*, 2011 WL 6033060, at *1.

Defendants argue that the Court's interests are best furthered with a stay. They state that this case has been pending for less than a year and, if a stay is granted, civil discovery could proceed more quickly in the aftermath of the criminal case, which would address the same questions present in this case. Plaintiff argues that the Court's interests would be better furthered by facilitating an expeditious resolution of this case.

The Court recognizes its "responsibility to keep its calendar moving to provide litigants expeditious determination of their cases." *White*, 116 F.R.D. at 502. Indeed, courts have "a strong interest in keeping litigation moving to conclusion without *unnecessary* delay." *Ruszczyk*, 349 F. Supp. 3d at 763 (emphasis in original). On the other hand, stays of civil proceedings pending the resolution of a parallel criminal case can "promote efficiency and avoid duplication as this Court and the parties would have the benefit of the transcripts and rulings in the criminal action." *Id.* Moreover, "the resolution of the criminal case might reduce the scope of discovery in th[is] civil case or otherwise simplify the issues." *Id.*

Ordinarily, a stay of civil proceedings pending the resolution of a parallel criminal case would further the Court's interest in judicial economy. However, as discussed above, Defendants have not shown that Thomas has been indicted and, thus, the Court cannot find that he currently faces a parallel criminal proceeding. The Court finds that its interest in providing a timely determination of this case outweighs any interest in conserving judicial resources pending the outcome of a hypothetical criminal proceeding that might be initiated in the future. *See Helena Chem. Co. v. Skinner*, No. 4:11-cv-0691-SWW, 2012 U.S. Dist. LEXIS 58981, *5-6 (E.D. Ark. Apr. 27, 2012) ("[T]he Court's interest in managing its docket based on known circumstances, rather than events than may never occur, weigh against a stay at this time."). Accordingly, this

factor weighs against a stay.

### D. Non-Parties' Interest

The fourth factor the Court must consider is "the interests of persons not parties to the civil litigation." *See Young*, 2011 WL 6033060, at *1.

Defendants argue that no non-parties have an interest in this case. Plaintiff responds that the family members of those killed in the collision at issue have an interest in the speedy resolution of this case. Defendants reply that Thomas's family has an interest in him remaining free from incarceration.

The Court agrees that non-party family members of those killed and injured in the car wreck have an interest in the conclusion of this case. *See id.* at *2 (recognizing non-party family members' interest in the civil case). The Court is sympathetic to Thomas's family's fear of his incarceration, but that interest bears little weight because there is no evidence in the record that he presently faces a criminal prosecution. Accordingly, this factor weighs against a stay.

### E. Public Interest

The fifth factor the Court must consider is "the interest of the public in the pending civil and criminal litigation." *Id.* at *1. Without elaborating, Defendants argue that the public interest weighs in favor of a stay. Plaintiff argues that the public has an interest in the resolution of this case and that the public's interest in the resolution of the criminal case will be satisfied in this case through Defendants' admission of liability and the internal dash-cam footage from Thomas' tractor trailer.

Even though this case is not a class action touching the public at large, the Court finds the public has an interest in the conclusion of this case. If Plaintiff is successful, this case could deter similar, future behavior. However, the public has a stronger interest in the criminal prosecution of

9

individuals charged with negligent homicide in the state of Arkansas. Ordinarily, this factor would weigh in favor of a stay, but because there is no indication that Thomas has been indicted, the Court believes this factor is neutral, at best.

### F. Conclusion

In sum, the Court finds that the *Keating* factors, viewed in the totality, weigh against the issuance of a stay in this case. Accordingly, the Court concludes that a stay of proceedings is inappropriate at this time.

### III. CONCLUSION

For the above-discussed reasons, the Court finds that Defendants' motion to stay (ECF No. 24) should be and hereby is **DENIED WITHOUT PREJUDICE** to Defendants' ability to refile the motion if Thomas is indicted.

**IT IS SO ORDERED**, this 31st day of January, 2020.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge