IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SAMANTHA EDWARDS, Individually, and as
SPECIAL ADMINISTRATRIX of the ESTATE
of WILLIAM BOBBY WRAY EDWARDS, Deceased,
and ARLEIGH GRAYCE EDWARDS, Deceased; and as
PARENT and NEXT FRIEND for Peyton Hale, a Minor          PLAINTIFF


v.                              Case No. 4:19-cv-4018


ERIC JAMES CORNELL THOMAS
and MCELROY TRUCK LINES, INC.                            DEFENDANTS

# **ORDER**

Before the Court is Defendants' Motion to Quash Subpoena and Notices of Deposition and Request for Protective Order. (ECF No. 57).

On December 16, 2019, Defendants filed a motion to stay discovery in this case pending the resolution of a parallel criminal matter against Defendant Thomas. On January 31, 2020, the Court denied that motion without prejudice, largely because Defendants had not shown that Defendant Thomas had been indicted and, thus, the Court could not conclude that he faced a currently pending criminal case.

On February 6, 2020, Defendants filed a motion to reconsider that ruling, stating that Thomas has been charged with misdemeanor offenses and, thus, no charging instruments are likely to issue. Defendants support their motion with additional evidence, including the docket sheet from Defendant Thomas' ongoing criminal case, to show that a parallel criminal case is indeed pending against him. As of the date of this order, Defendants' motion to reconsider is not yet ripe for consideration and has not been ruled on.

On February 9, 2020, Defendants filed the instant motion to quash. They indicate that on

February 4 and 6, 2020, Plaintiff provided notices of deposition to Defendant Thomas and to corporate representatives for Defendant McElroy. These notices of deposition command the recipients to appear for depositions on February 11, 2020, in Cuba, Alabama, and on February 12, 2020, in Natchez, Mississippi. The deposition notices also command the recipients to produce certain documents that Defendants contend are the subject of a presently pending motion to compel before this Court.

Defendants argue that if Defendant Thomas is required to testify at the deposition, he will have to assert his Fifth Amendment privilege against self-incrimination due to the parallel criminal case against him. If this occurs, Defendant Thomas would risk a negative inference being drawn against him at trial by the factfinder. However, Defendants argue that their motion to reconsider is still pending before the Court and if it is granted, Defendant Thomas would not be required to participate in civil discovery until the pendency of his criminal case. Thus, Defendants ask the Court to quash the notice of deposition as to Thomas in order to shield him from undue prejudice should the Court ultimately grant the motion to reconsider. Defendants also argue that the notices of deposition as to the corporate representatives should also be quashed because Defendant McElroy's defenses essentially rest on Defendant Thomas, because they seek production of materials that are currently the subject of a pending motion to compel, and because they call for depositions at an unsuitable location that would disrupt Defendant McElroy's business.

The instant motion is not yet ripe for consideration, but the Court nonetheless issues this order. The Local Rules provide a nonmovant fourteen days to respond to any motion. Local Rule 7.2(b). The Court closely adheres to this rule because it serves to give nonmoving parties adequate notice of and time to respond to motions. However, the parties have placed the Court in a position where it cannot wait the typical fourteen-day period before ruling. Action is needed now to avoid

potential prejudice to Defendants should the Court ultimately grant their motion to reconsider at a later date.[1]

Last week, the Court continued the trial setting in this matter and lifted all pretrial deadlines, including the discovery deadline. Plaintiff will suffer no prejudice from her notices of deposition being quashed because, if Defendants' motion to reconsider is ultimately denied, she will have more than enough time to reset and take those depositions. On the other hand, if the Court denies the instant motion to quash, Defendants' motion for reconsideration will be rendered moot when Defendant Thomas appears for his deposition and asserts his Fifth Amendment privilege, the very thing the motion to reconsider seeks to prevent.

Accordingly, Defendants' motion to quash (ECF No. 57) is hereby **GRANTED**. Plaintiff's Third Amended Notice of Deposition of 30(b)(6) Representative; Third Amended Notice of Deposition for Tom Spivey, Safety Director For McElroy Truck Lines, Inc.; and Amended Notice of Deposition for Defendant Eric James Cornell Thomas are hereby **QUASHED**. Moreover, to prevent further disputes pending the Court's ruling on the motion to reconsider, the Court hereby issues a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(A), holding all liability-related discovery in abeyance until after the Court rules on the pending motion to reconsider.

**IT IS SO ORDERED**, this 10th day of February, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] The parties are cautioned that this will not be a regular occurrence. Although the Local Rules authorize the Court to shorten a nonmovant's response time, the Court rarely does so absent a particularly compelling showing of good cause. Future motions filed at the midnight hour, seeking Court action related to an event scheduled a handful of days away are unlikely to make this showing, and the Court would likely wait the full fourteen-day period for a response thereto.