IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SAMANTHA EDWARDS, Individually, and as
SPECIAL ADMINISTRATRIX of the ESTATE
of WILLIAM BOBBY WRAY EDWARDS, Deceased,
and ARLEIGH GRAYCE EDWARDS, Deceased; and as
PARENT and NEXT FRIEND for Peyton Hale, a Minor                    PLAINTIFF

v.                                  Case No. 4:19-cv-4018

ERIC JAMES CORNELL THOMAS
and MCELROY TRUCK LINES, INC.                                      DEFENDANTS

## CERTIFICATION ORDER

On February 10, 2020, Plaintiff filed a motion for partial summary judgment, arguing that Defendants' affirmative defense of apportionment of fault should be barred because Arkansas Code Annotated § 27-34-106(a) prohibits parties from offering the failure to provide or use a child safety restraint as evidence of comparative or contributory negligence in civil negligence actions. Defendants opposed the motion, arguing that section 106(a) is unconstitutional. Finding no controlling Arkansas precedent on the issue, the Court denied the motion on July 10, 2020, indicating that it intended to certify a question to the Supreme Court of Arkansas regarding the unsettled area of Arkansas law raised by the parties. The Court ordered the parties to confer and produce an agreed statement of relevant facts for purposes of certification. The parties did so and filed their proposed facts on July 31, 2020. This order now issues.

Pursuant to Rule 6-8 of the Rules of the Supreme Court of Arkansas, this Court, on its own motion, certifies to the Supreme Court of Arkansas a question of law that may be determinative of this case and as to which it appears there is no controlling precedent in the decisions of the Supreme Court of Arkansas.

## I. QUESTION OF LAW TO BE ANSWERED

Under the facts of this case, whether Ark. Code Ann. § 27-34-106(a) violates the separation-of-powers doctrine under article 4, section 2, and Amendment 80, section 3, of the Arkansas Constitution.

## II. FACTS RELEVANT TO THE QUESTION[1]

This wrongful death and survival action arose out of an August 2, 2018, two-vehicle accident that took place in Howard County, Arkansas. Defendant Eric James Cornell Thomas failed to obey a stop sign while driving a tractor trailer in the course and scope of his employment with Defendant McElroy Truck Lines, Inc. The tractor Mr. Thomas was operating struck a pick-up truck driven by William Bobby Wray Edwards, in which Mr. Edwards' daughter, Arleigh, and stepson, Peyton, were riding. Following the initial impact, the pick-up struck a tree. Arleigh was then ejected from the cab of the pick-up. Mr. Edwards and Arleigh were killed as a result of the accident.

At the time of the collision, Arleigh was two years old. Plaintiff will offer proof at trial that at the time of the collision, Arleigh weighed less than sixty pounds. Arleigh was not restrained in a child passenger safety seat or any other passenger restraint system at the time of the collision. A "Cosco Scenera Next" brand child safety seat was in the back seat of the pick-up at the time of the collision.

For purposes of this civil action, Defendant Thomas admits he was negligent and his negligence was the cause of the collision between the tractor and the pick-up. Defendant McElroy admits the same and admits it is vicariously liable for any injuries proximately caused by Mr.

---

[1] Pursuant to Ark. Sup. Ct. & Ct. App. R. 6-8(c)(2), the Court ordered the parties to confer and produce an agreeable statement of facts. The parties did so, largely agreeing on the facts, with exception of one fact proposed by each side that the other side would not agree to. In accordance with Rule 6-8(c)(2), the Court has reviewed those facts and will include both, as they help frame the question of law to be certified and are not mutually exclusive.

Thomas's negligence. However, both defendants allege (as a defense) fault on the part of Mr. Edwards for failing to put or maintain Arleigh in a child passenger safety seat. Defendants will offer expert biomechanical proof at trial that, had Arleigh been properly restrained, then she would not have been ejected and would have survived the accident.

Pursuant to Ark. Code Ann. § 16-111-111, Defendants have given notice to the Arkansas Attorney General of their challenge to the constitutionality of Ark. Code Ann. § 27-34-106(a) insofar as it would bar or limit admission of evidence at trial of the failure to use a child passenger safety seat.

### III.  ARKANSAS LAW

With limited exceptions that are not applicable here, Arkansas's Child Passenger Protection Act ("CPPA") imposes a duty on motor vehicle operators in Arkansas to protect any child passenger under the age of fifteen by securing and maintaining the child in a child passenger restraint system that meets applicable federal safety standards. Ark. Code Ann. § 27-34-104(a). The CPPA requires the use of different restraint systems depending on the age and weight of the child. Any child less than six years of age and who weighs less than sixty pounds must "be restrained in a child passenger safety seat properly secured to the vehicle." Ark. Code Ann. § 27-34-104(b).

The CPPA also provides, in relevant part, that "[t]he failure to provide or use a child passenger safety seat shall not be considered, under any circumstances, as evidence of comparative or contributory negligence, nor shall failure be admissible as evidence in the trial of any civil action with regard to negligence." Ark. Code Ann. § 27-34-106(a). This provision is the parties' primary fighting point. Defendants want to argue and offer evidence at trial that Mr. Edwards was, at least partially, at fault for Arleigh's death because he failed to secure and maintain her in a suitable child

passenger safety seat at the time of the collision. Plaintiff contends that Defendants cannot do so because section 106(a) of the CPPA prohibits parties from offering an individual's failure to provide or use a child passenger safety seat as evidence of comparative or contributory negligence in civil negligence cases. Defendants argue that section 106(a) should be disregarded and not applied in this case because it violates the separation-of-powers doctrine and Amendment 80 to the Arkansas Constitution, and as such, is an unconstitutional legislative incursion into the Supreme Court of Arkansas's rulemaking power.

Historically, the Supreme Court of Arkansas took the position that the Arkansas judiciary and legislature shared judicial rulemaking authority. *See Jackson v. Ozment*, 283 Ark. 100, 101-03, 671 S.W.2d 736, 738 (1984) (holding that the Arkansas Constitution did not give the Supreme Court of Arkansas the exclusive authority to make rules of court procedure). However, since that time, the Supreme Court of Arkansas has overruled that line of cases and subsequently held that Amendment 80 to the Arkansas Constitution gave the Supreme Court of Arkansas the exclusive power to set rules of pleading, practice, and procedure for Arkansas state courts, and that both direct and indirect intrusions into that domain by the state legislature are unconstitutional. *Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241, at 8, 308 S.W.3d 135, 141; *see also* Ark. Const. art. 4, § 2 ("No person or collection of persons, being of one of these [branches of government], shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted."). In other words, the Arkansas legislature can enact "substantive" rules of law but cannot enact "procedural" rules of law.

Law is substantive when it is "[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of the parties." *Johnson*, 2009 Ark. 241, at 8, 308 S.W.3d at 141 Procedural law is defined as "[t]he rules that prescribe the steps for having a right or duty judicially

enforced, as opposed to the law that defines the specific rights or duties themselves." *Summerville v. Thrower*, 369 Ark. 231, 237, 253 S.W.3d 415, 420 (2007) (citing Black's Law Dictionary 1221 (7th ed. 1999)). It is undisputed that in Arkansas, rules of evidence are "rules of pleading, practice and procedure." *Johnson*, 2009 Ark. 241, at 10, 308 S.W.3d at 142. Accordingly, if a statute establishes a rule of evidence, it violates the separation-of-powers doctrine and is unconstitutional. *Mendoza v. WIS Int'l, Inc.*, 2016 Ark. 157, 5, 490 S.W.3d 298, 301 (2016).

Plaintiff argues that Ark. Code Ann. § 27-34-106(a) is a substantive rule of law, while Defendants argue that it is procedural. Neither party, however, has pointed to precedent of the Supreme Court of Arkansas directly addressing this issue.

The Court is aware of only two cases that discuss Ark. Code Ann. § 27-34-106(a). The first is *Potts v. Benjamin*, a case from 1989 where the Eighth Circuit conducted an *Erie* analysis[2] to determine that the district court, sitting in diversity, properly applied section 106(a) to exclude evidence of the nonuse of a child safety restraint system as evidence of comparative or contributory negligence in a civil negligence case. 882 F.2d 1320, 1324 (8th Cir. 1989). Putting aside that a decision from the Eighth Circuit is not binding on the Supreme Court of Arkansas, *Potts* relied on no Arkansas caselaw to form its conclusion and appeared to instead make an *Erie*-educated guess that the statute is a substantive rule of law for *Erie* purposes. *See id.* ("[Section 106(a)] seems to us to be a classic example of the type of substantive rule of law binding upon a federal court in a diversity case."). *Potts* was also decided before Amendment 80 to the Arkansas Constitution gave the exclusive rulemaking authority for Arkansas courts to the Supreme Court of Arkansas. *Potts* was not asked to perform a separation-of-powers analysis, so that case cannot be read to definitively establish that section 106(a) is "substantive" for purposes of a separation-of-powers

---

[2] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

analysis because, under that analysis, any statute that conflicts with or alters the courts' procedural rules is unconstitutional. *See Johnson*, 2009 Ark., at 8, 308 S.W.3d at 141. Thus, *Potts* is not determinative of the issue at hand.

The other case, *Mendoza v. WIS Int'l, Inc.*, is no more instructive. In that case, the Supreme Court of Arkansas was asked to decide whether a separate statute, Ark. Code Ann. § 27-37-703, violated Amendment 80 to the Arkansas Constitution by limiting the admissibility of a party's non-use of a seatbelt as evidence in civil actions. *Mendoza*, 2016 Ark. at 9, 490 S.W.3d at 303. The *Mendoza* plaintiff relied heavily on *Potts* as analogous caselaw and argued that the statute was constitutional because it was a substantive rule of law. *Id.* The Supreme Court of Arkansas rejected that argument, finding that Ark. Code Ann. § 27-37-703 was a legislative attempt to dictate court procedure, and thus, was unconstitutional. *Id.* at 9-10, 490 S.W.3d at 303-04.

*Mendoza* mentioned briefly that *Potts* found "that section 27-34-106 established a rule of substantive law." *Id.* at 6, 490 S.W.3d at 302. However, as the Court reads it, *Mendoza* expressed no opinion on *Potts*' holding regarding section 106(a) and did not formally adopt or otherwise recognize *Potts*' holding as law. *Mendoza* also distinguished the language of Ark. Code Ann. § 27-37-703 from that of Ark. Code Ann. § 27-34-106(a).[3] *See id.* at 7, 490 S.W.3d at 302. However, *Mendoza* neither explained why it distinguished the two statutes, nor did it appear to base its holding on the difference between the two statutes. Thus, *Mendoza*'s discussion of section 106(a) is merely dicta.

As a result, there appears to be no controlling precedent from the Supreme Court of Arkansas deciding whether Ark. Code Ann. § 27-34-106(a) violates the separation-of-powers

---

[3] In short, *Mendoza* noted that Ark. Code Ann. § 27-37-703 originally read almost identically to Ark. Code Ann. § 27-34-106(a) but in 1995, "the language 'shall not be considered under any circumstances as evidence of comparative or contributory negligence' and 'with regard to negligence' was removed" from section 27-37-703. *Mendoza*, 2016 Ark. 157 at 7, 490 S.W.3d at 302.

doctrine under article 4, section 2, and Amendment 80, section 3, of the Arkansas Constitution. This question of law appears to be a matter of substantial public importance that would merit certification to the Supreme Court of Arkansas. The question touches on public policy concerns that are of particular interest to Arkansas state law. Further, the question concerns an unsettled issue of the constitutionality or construction of an Arkansas statute. Thus, the Court finds that it is in the best administration of justice to seek further guidance from the Supreme Court of Arkansas.

## IV.  REFORMULATION OF THE QUESTION

The United States District Court acknowledges that the Supreme Court of Arkansas, acting as the receiving court, may reformulate the question presented.

## V.  COUNSEL OF RECORD AND PARTIES

Attorneys for Plaintiff Samantha Edwards:

Denise R Hoggard
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, AR 72222
501-868-2500

Jeremy M. McNabb
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, AR 72222
(501) 868-2500


Attorneys for Defendants Eric James Cornell Thomas and McElroy Truck Lines, Inc.:

Gregory Turner Jones
Wright, Lindsey & Jennings LLP
200 W. Capitol Avenue, Suite 2300
Little Rock, AR 72201
(501) 212-1330

Todd Wooten
Dover Dixon Horne PLLC
425 West Capitol Avenue, Suite 3700
Little Rock, AR 72201
(501) 375-9151

## VI.  CONCLUSION

For aforementioned reasons, the question herein is hereby certified to the Supreme Court of Arkansas pursuant to Rule 6-8 of the Rules of the Supreme Court of Arkansas.  The Clerk of this Court is hereby directed to forward this Order to the Supreme Court of Arkansas under his official seal.

**IT IS SO ORDERED**, this 7th day of August, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge