IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SAMANTHA EDWARDS, et al                                          PLAINTIFFS

v.                                Case No. 4:19-cv-4018

ERIC JAMES CORNELL THOMAS
and MCELROY TRUCK LINES, INC.                              DEFENDANTS

**ORDER**

Before the Court is the parties' joint Motion for Protective Order. (ECF No. 109). The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information that may be discovered. Upon consideration, the Court finds that the instant motion (ECF No. 109) should be and hereby is **GRANTED**. The Protective Order is as follows:

Plaintiff has served discovery requests on McElroy Truck Lines, Inc., wherein she *inter alia* requested confidential or proprietary records regarding certain internal documents and data (including compilation of data) as well as video-monitoring-related materials (provided by an outside vendor) that McElroy has pertaining to its drivers' actions and behaviors (and assessment thereof). McElroy Truck Lines, Inc., submitted responses to these requests, *inter alia*, by objecting to providing information that is confidential, private, or proprietary, but agreeing to provide certain documents provided that they be produced subject to a Protective Order.

The Court finds as follows:

1. Pursuant to the Court's authority under Fed. R. Civ. P. 26(c), a protective order should issue with regard to the production of certain proprietary or otherwise confidential records that McElroy has produced or agreed to produce (subject to this order) including certain internal documents and data about driver-related actions/behaviors and assessments or compilations thereof (henceforth all collectively referred to as the "protected materials") in connection with this

litigation.

2. Defendant McElroy shall designate any protected materials by writing or stamping the words "protected materials" or other similar designation on the document being produced.

3. The protected materials produced during the discovery and litigation of this matter shall not be disclosed by Plaintiff, by her counsel or representatives, or by her witnesses to any person *other than* to counsel for the parties and counsel's employees actively engaged in the conduct of this litigation, to any experts retained for the purpose of assisting counsel in trial preparation for this case, and to those specific witnesses who may testify in this action about topics pertaining to the protected materials *provided that* prior to disclosure, each individual to whom disclosure is made is advised of, and specifically agrees to abide by, this order by executing a Confidentiality Acknowledgement in the form attached hereto as Exhibit A.  The protected materials shall not be distributed for use in connection with any other claim or litigation absent specific written authorization of McElroy Truck Lines, Inc.  If any of these protected materials are filed with the Court, the documents must be filed under seal.  If utilized in depositions, the court reporter shall be notified that such documents will be kept confidential and attached under cover. Nothing in this Order affects the admissibility of any such documents at trial as ruled upon by the Court pursuant to the Federal Rules of Evidence.

4. The entry of this Order shall not affect or otherwise limit other protective orders previously entered in this case.  The non-disclosure provisions of this order shall not terminate at the conclusion of this action.  Also, any disclosure shall be made in a manner such that the confidential information does not become a matter of public record unless Plaintiff is granted authorization by this Court to introduce them into evidence at trial.  Furthermore, in the event that any protected material *is* ultimately used in any Court proceedings, it shall not lose its proprietary

or confidential status through such use.

5. Any party may request that any document containing protected materials be filed under seal.

6. Within 40 days after final conclusion of all aspects of this litigation, all protected materials (and all copies thereof) shall be returned to counsel for McElroy Truck Lines, Inc., together with a certificate of compliance signed by Plaintiff's counsel; however, it is agreed that Plaintiff's counsel may (for a period of three years) retain one copy of all protected materials for counsel's file, which will be kept confidential until destroyed no later than three years after all aspects of this litigation have concluded.

7. All lingering issues, if any, regarding disclosure or production of other documents (for which agreement among the parties has *not* been reached) shall be addressed by separate order.

**IT IS SO ORDERED**, this 20th day of May, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge