IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SAMATHA EDWARDS                                                                                    PLAINTIFF
*Individually and as Special Administratrix of*
*the Estate of William Bobby Wray Edwards (Deceased),*
*Arleigh Grayce Edwards (Deceased); and Parent*
*and Next Friend of Peyton Hale (a Minor)*

vs.                                     Civil No. 4:19-cv-04018

ERIC JAMES CORNELL THOMAS and
MCELROY TRUCK LINES, INC.                                                                      DEFENDANTS

## ORDER

Before the Court is Plaintiff's Third Motion to Compel Discovery.  ECF No. 106. Defendant McElroy has responded to this Motion, and this matter is now ripe for consideration.[1] ECF No. 110.  Consistent with the foregoing, the Court **GRANTS** this Motion **IN PART** and will consider each of these requests separately.

1. **Request for Production No. 5:** Any and all SmartDrive Systems Inc. video recordings, including any additional extended video recordings in custody and control of SmartDrive System Inc., relating to a 2016 International Tractor Truck, VIN 3HSDJNR1GN232553, owned by McElroy Truck Lines, Inc. for August 2, 2018.

   In response to this request, Defendant McElroy represents it has produced "all that it has." ECF No. 110 at 2.  To the extent McElroy has not complied, the Court finds this request seeks a

---

[1] Under the Local Rules in this District, Rule 7.2(g) requires "a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the court."  Here, Plaintiff references a "Rule 37 letter" but never references an actual conference.  Based upon the current Motion and the accompanying response, there appears to have been no good faith conference and little or no effort to actualresolving these disputes prior to presenting them to this Court.  Because these issues have been ongoing, the Court will consider this Motion despite Plaintiff's failure to comply with this rule.  In the future, the Parties are directed to confer with more than a "Rule 37 letter" prior to filing a motion to compel in this Court.

1

"nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Accordingly, this information is discoverable, and this Motion is **GRANTED** as to this request.

2. **Request for Production No. 7:** The entire file for Eric James Cornell relating to SmartDrive Systems Inc. data and/or video, to include, but not limited to, all recordable triggering events.

In response to this request, McElroy represents that it will "turn over the three documents" responsive to this request if a "clearer protective order" is entered. ECF No. 110 at 3. This protective order was filed and entered on May 20, 2021. ECF No. 111. Thus, McElroy must produce these responsive documents. To the extent McElroy has not complied, the Court finds this request seeks a "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Accordingly, this information is discoverable, and this Motion is **GRANTED** as to this request.

3. **Request for Production No. 9:** Any and all grades or assessments of any triggering event involving Eric James Cornell Thomas, produced by SmartDrive Systems Inc., during his employment with McElroy Truck Lines, Inc.

In response to this request, McElroy again represents responsive documents will only be produced with a "clearer protective order." This protective order was filed and entered on May 20, 2021. ECF No. 111. Thus, McElroy must produce these responsive documents. To the extent McElroy has not complied, the Court finds this request seeks a "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Accordingly, this information is discoverable, and this Motion is **GRANTED** as to this request.

4. **Request for Production No. 10:** All SmartDrive Systems Inc. recordable (triggering) events for McElroy Truck Lines, Inc., related to distracted driving of employee drivers within the last three (3) years.

In response to this request, McElroy claims this request is overbroad and would require extensive resources to provide a response. ECF No. 110 at 4-6. Upon review of this request, the Court agrees, and this Motion is **DENIED** as to this request. Both "recordable (triggering)" and "distracted driving" are broad, undefined terms such that the "burden or expense of the proposed discovery outweighs its likely benefit" under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

5. **Request for Production No. 11:** All SmartDrive Systems Inc. recordable (triggering) events for McElroy Truck Lines, Inc., related to use of phone by employee drivers within the last three (3) years.

In response to this request, McElroy claims this request is overbroad and would require extensive resources to provide a response. ECF No. 110 at 4-6. Upon review of this request, the Court agrees, and this Motion is **DENIED** as to this request. Both "recordable (triggering)" and "related to use of phone" are broad, undefined terms such that the "burden or expense of the proposed discovery outweighs its likely benefit" under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

6. **Request for Production No. 12:** The SmartDrive Systems Inc. driver scorecard documentation for Eric James Cornell Thomas for the past three (3) years.

In response to this request, McElroy stated "to the best of its knowledge, no such document exists." ECF No. 110 at 6. To the extent McElroy has not complied, the Court finds this request seeks a "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Accordingly, this information is discoverable, and this Motion is **GRANTED** as to this request.

3

7. **Request for Production No. 13:** The SmartDrive Systems Inc. driver scorecards for employee drivers of McElroy Truck Lines, Inc., for the past three (3) years.

In response to this request, McElroy stated it "receives no such documentation from SmartDrive." ECF No. 110 at 6-7. McElroy also stated that the "closest" record has nothing pertaining to the driver in this case, and Plaintiff has provided no proper justification for producing these records. *Id.* To the extent McElroy has not complied, the Court finds this request seeks a "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Accordingly, this information is discoverable, and this Motion is **GRANTED** as to this request.

8. **Request for Production No. 15:** All SmartDrive System Inc.'s Trend Analysis Reports produced to or prepared for McElroy Truck Lines, Inc. for triggering events in McElroy Truck Lines, Inc. trucks over the past three (3) years.

In response to this request, McElroy stated it "receives no such report from SmartDrive." ECF No. 110 at 7-8. McElroy also stated the closest document would be the "Safety Performance Executive Summary," which is not broken down by truck and is limited to no more than 15 drivers and Thomas was never included in that report. *Id.* To the extent McElroy has not complied, the Court finds this request seeks a "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Accordingly, this information is discoverable, and this Motion is **GRANTED** as to this request.

9. **Request for Production No. 16:** All SmartDrive System Inc.'s Risk Indicator Reports/Dashboards produced to or prepared for McElroy Truck Lines, Inc. for triggering events in McElroy Truck Lines, Inc. trucks over the past three (3) years.

In response to this request, McElroy claims it "does not have and has never had any such report." ECF No. 110 at 8. To the extent McElroy has not complied, the Court finds this request

seeks a "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Accordingly, this information is discoverable, and this Motion is **GRANTED** as to this request.

10. **Request for Production No. 17:** All SmartDrive System Inc.'s Coaching Reports/Dashboards produced to or prepared for McElroy Truck Lines, Inc. for triggering events in McElroy Truck Lines, Inc. trucks over the past three (3) years.

In response to this request, McElroy has offered to produce the relevant documentation "for the entire 3 ½ months when Mr. Thomas drove for McElroy." ECF No. 110 at 8-9. McElroy claims it has only delayed production because no protective order has been entered. *Id.* This protective order was filed and entered on May 20, 2021. ECF No. 111. Thus, McElroy must produce these responsive documents. To the extent McElroy has not complied, the Court finds this request seeks a "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Accordingly, this information is discoverable, and this Motion is **GRANTED** as to this request.

11. **Request for Production No. 19:** Any and all documents created as the result of SmartDrive Systems Inc. coaching and/or training employees of McElroy Truck Lines, Inc., related to any triggering event for the defendant driver for the past three (3) years.

In response to this request, McElroy claims this request is overbroad, and McElroy does not have any documentation of specific coaching of Thomas in the roughly 100 days he drove for McElroy. ECF No. 110 at 9-10. To the extent McElroy has not complied, the Court finds this request seeks a "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Accordingly, this information is discoverable, and this Motion is **GRANTED** as to this request.

12. **Request for Production No. 20:** SmartDrive Systems Inc.'s regularly produced Safety Performance Report for McElroy Truck Lines, Inc., for the past three (3) years.

In response to this request, McElroy has agreed to produce a "Safety Performance Executive Summary" for the "weeks from when Mr. Thomas was hired up through and including the date of the accident" upon the entry of a protective order. ECF No. 110 at 10. Once again, a protective order has been entered, and these documents should be produced. To the extent McElroy has not complied, the Court finds this request seeks a "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Accordingly, this information is discoverable, and this Motion is **GRANTED** as to this request.

13. **Request for Production No. 21:** SmartDrive Systems Inc.'s Fleet Safety Performance Reports for McElroy Truck Lines, Inc., for the past three (3) years.

In response to this request, McElroy claims it "is aware of no such document." ECF No. 110 at 10-11. To the extent McElroy has not complied, the Court finds this request seeks a "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Accordingly, this information is discoverable, and this Motion is **GRANTED** as to this request.

14. **Request for Production No. 22:** Any and all documentation and/or data concerning Collision Frequency Reduction Analysis provided by SmartDrive Systems Inc. to McElroy Truck Lines, Inc., for the past three (3) years.

In response to this request, McElroy claims it "has never heard of such a document and so indicated in its response." ECF No. 110 at 11. To the extent McElroy has not complied, the Court finds this request seeks a "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Accordingly, this information is discoverable, and this Motion is **GRANTED** as to this request.

**15. Request for Production No. 23:** Any and all documents related to the data and/or documentation of the results of McElroy Truck Lines, Inc., pilot program with SmartDrive Systems, Inc.

In response to this request, McElroy claims this pilot program was "not in effect at *any* time when Mr. Thomas drove for McElory." ECF No. 110 at 11. To the extent McElroy has not complied, the Court finds this request seeks a "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Accordingly, this information is discoverable, and this Motion is **GRANTED** as to this request.

As a final point, Plaintiff addresses several informal requests in her Motion. Because they are informal, the Court will not address them as a part of a motion to compel. Indeed, Rule 37(a)(3) of the Federal Rules of Civil Procedure applies to formal discovery requests. Thus, as to those requests, this Motion is also **DENIED.**

ENTERED this 25th day of May 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

7