IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SAMANTHA EDWARDS, Individually,
and as SPECIAL ADMINISTRATRIX of
the ESTATE of WILLIAM BOBBY
WRAY EDWARDS, Deceased, and
ARLEIGH GRAYCE EDWARDS,
Deceased; and as PARENT and
NEXT FRIEND for PEYTON HALE, a Minor                                            PLAINTIFF

v.                                              Case No. 4:19-cv-4018

ERIC JAMES CORNELL THOMAS and
MCELROY TRUCK LINES, INC.                                                       DEFENDANTS

**ORDER**

Before the Court is Defendants' Motion to Quash Subpoena and Notice of Deposition and for Protective Order. ECF No. 138. Plaintiff has responded. ECF No. 143. The Court finds the matter ripe for consideration.

Defendants seeks to have the Court quash the subpoena and notice of deposition of Tom Spivey, Safety Director for Defendant McElroy Truck Lines, Inc. ("McElroy"). ECF No. 140, p. 5-6. Defendants argue that the Court should quash the subpoena and notice of deposition pursuant to Federal Rule of Civil Procedure 26(b)(2)(C) because Plaintiff has already deposed Tom Spivey. *Id*. at p. 5-7. Defendants contend that the deposition would be unreasonably cumulative and duplicative and that Plaintiff has already had ample opportunity during discovery to get the information sought. *Id*. Defendants also contend that Plaintiff first needed leave of the Court pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii) to depose Mr. Spivey a second time. Defendants also seek to have the Court enter a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) barring Plaintiff from deposing Mr. Spivey a second time. *Id*. at p. 6-8.

Plaintiff's response argues that the Defendants' motion should be denied because it is filed in the wrong district and because the upcoming deposition of Mr. Spivey is appropriate. ECF No. 143. Plaintiff first contends that Defendants have filed their motion to quash the subpoena and notice of deposition in the incorrect district according to Federal Rule of Civil Procedure 45(d)(3). *Id*. at p. 2. Plaintiff states that Defendants should have filed their motion to quash in the Northern District of Alabama because the deposition of Mr. Spivey would occur in Cuba, Alabama. *Id*. Plaintiff also contends that Defendants' request for a protective order for Mr. Spivey should be denied because the first deposition of Mr. Spivey was in his official capacity as a representative of McElroy pursuant to Federal Rule of Civil Procedure 30(b)(6). *Id*. at p. 3-4. Plaintiff states that the upcoming subpoena of Mr. Spivey will be in his personal capacity pursuant to Federal Rule of Civil Procedure 30(b)(1) and therefore not duplicative or cumulative. *Id*. at p. 3-5. Plaintiff also asserts that additional discovery since the initial deposition of Mr. Spivey has created new lines of inquiry justifying the deposition. *Id*. at p. 6-7.

The Court finds that Defendants' request to quash the subpoena and notice of deposition is filed in the incorrect district. Federal Rule of Civil Procedure 45(d)(3) states that "On timely motion, the court for the district where compliance is required" must quash subpoenas in certain circumstances. Plaintiff's notice of deposition to Mr. Spivey places the location of the deposition in Cuba, Alabama, which is within the Northern District of Alabama. ECF No. 138-1. Therefore, this Court is not the proper court through which Defendant should seek to quash the subpoena and notice of deposition. *See Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555 at *3 (D. Nev. Aug. 15, 2014) ("[W]hen a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion"). Accordingly,

the Court does not have jurisdiction over Defendants' request to quash the subpoena and notice of deposition. Accordingly, this part of Defendants' motion must be denied.

As to Defendants' request for a protective order for Mr. Spivey, the Court finds it does not have adequate time to evaluate the substance of this request and Plaintiff's objections before the scheduled deposition. Defendants filed the instant motion on September 3, 2021. ECF No. 138. Plaintiff responded on September 9, 2021. ECF No. 143. The stipulated date of Mr. Spivey's deposition is September 15, 2021. ECF No. 138-1. The Court finds that it cannot appropriately evaluate the merits of the arguments surrounding the appropriateness of Mr. Spivey's upcoming deposition in light of Federal Rules of Civil Procedure 26(b)(2)(C) and 30(a)(2)(ii) in such a short span of time.[1] Accordingly, the Court finds it must deny Defendants' request for a protective order at this time. If Defendants successfully quash the subpoena and notice of deposition in the appropriate district and the discovery period has not elapsed, they can file a new motion seeking a protective order for Mr. Spivey that the Court can more thoroughly evaluate.

For the reasons stated above, the Court finds that Defendants' Motion to Quash Subpoena and Notice of Deposition and for Protective Order should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 13th day of September, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] The Court had to spend some of its time recently creating an order (ECF No. 145) resolving a separate motion to quash (ECF No. 144) a deposition in this matter for a deposition that would have taken place on the date of this order.