IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SAMATHA EDWARDS                                                                                    PLAINTIFF
*Individually and as Special Administratrix of*
*the Estate of William Bobby Wray Edwards (Deceased),*
*Arleigh Grayce Edwards (Deceased); and Parent*
*and Next Friend of Peyton Hale (a Minor)*

vs.                                        Civil No. 4:19-cv-04018

ERIC JAMES CORNELL THOMAS and
MCELROY TRUCK LINES, INC.                                                                          DEFENDANTS

**ORDER**

Before the Court is Plaintiff's Motion to Compel Discovery and to Extend Deadline to Produce Rebuttal Expert Reports. ECF No. 133. Defendant has responded to this Motion. ECF No. 141. The Court held a hearing on this Motion on September 23, 2021. This Motion has been referred to the undersigned and is now ripe for consideration.

1. **Background**:

This case arises out a double-fatality car wreck in Howard County, Arkansas that occurred on August 2, 2018. ECF No. 1 ¶ 15. Plaintiff claims Defendant Thomas, while working in the scope of his employment with Defendant McElory, failed to stop at a stop sign which caused his 2016 International tractor and trailer to collide with the vehicle driven by William Bobby Wray Edwards. *Id.*

As a result of this accident, Mr. Edwards and his daughter, Arleigh Edwards, were killed. *Id.* ¶ 22. Plaintiff also alleges the other passenger, Peyton Hale, suffered severe injuries. *Id.* This lawsuit was filed on February 11, 2019, and trial is set for January 18, 2022.

1

At issue with the current Motion, Plaintiff seeks to compel Defendants to respond to discovery and seeks the following information:

> **REQUEST FOR PRODUCTION NO. 2:** Please produce the records of any and all cellular phone records used and/in your possession during April 4, 2018 – August 2, 2018, including the phone number and carrier.

ECF No. 133-1. Plaintiff claims this information is necessary "to explore the truth and veracity" of Defendant Thomas's testimony and to ascertain whether he routinely used his cell phone while driving because "he used his phone during at least three other events on days prior to the collision [at issue]." ECF No. 133 at 3.

In response to this discovery request, Defendants claim Plaintiff is not entitled to this information "for two reasons." ECF No. 141 at 2. First, Defendants claim they have admitted negligence; thus, this information is not relevant. *Id.* Second, Defendants claim "the video of Thomas driving leading up and at the time of the accident shows that Thomas was not texting, touching, or reaching for his cell phone." *Id.* Thus, Defendants claim this Motion should be denied.

**2. Discussion**:

In deciding whether to compel production of these cell phone records, the Parties agree that the applicable standard is set out in *Hardy v. UPS Ground Freight, Inc.,* 2019 WL 3290346 (D. Mass. July 22, 2019). In that case, that court addressed the issue of whether forensic imaging of the plaintiff's cell phone should be allowed. *Id.* That court ultimately denied that request, recognizing the following:

> Courts have required that a movant make at least some effort . . . by way of expert testimony or an affidavit, to show that the intrusive means of discovery is likely to yield the results sought.

*Id.* at *5. The *Hardy* court also recognized the standard for granting such a request:

> When determining whether to grant a motion to compel the forensic imaging of a cell phone or other electronic device, courts have considered whether the examination will reveal information that is relevant to the claims or defenses in the pending matter and whether such an examination is proportional to the needs of the case given the cell phone owner's compelling privacy interest in the contents of his or her cell phone.

*Id.* at *2. In light of *Hardy,* this Court finds there are three considerations in deciding whether to order production of Defendant Thomas's cell phone contents: (1) the compelling privacy interest in the contents of the cell phone; (2) the proportionate need of the information contained in that cell phone data in relation to that compelling privacy interest; and (3) the importance of the contents of the cell phone data in relation to some central issue in the case. *Id.*

In the present action, Plaintiff seeks all data from Defendant Thomas's cell phone from April 4, 2018 until August 2, 2018. ECF No. 133-1. The accident at issue in this case occurred on August 2, 2018. Thus, the requested data is from nearly four months before the actual accident in this case. Plaintiff claims this information is relevant to Defendant Thomas's veracity and his sustained use of a cell phone while driving. Plaintiff has offered no other basis for seeking this information.

Under *Hardy,* the Court first recognizes Defendant Thomas has a compelling privacy interest in the contents of his cell phone. The Court also recognizes that considering that compelling privacy interest, the proportionate need for the information contained therein is low; and while the contents of the phone could possibly relate to this case, the need for that information does not override Defendant Thomas's compelling privacy interest. Indeed, considering the broad scope of this request and the failure to provide a further basis for seeking this information, the Court finds this request should be denied. Notably, Defendants have already produced the cell

3

phone usage records from the date of the accident, and the Court declines to order information from any additional dates be produced.

The Court notes Plaintiff did identify three (3) incidents, prior to August 2, 2018, where Defendant McElroy was notified of some type of driver infraction committed by Defendant Thomas while driving a truck for McElroy.[1]  It appears from the information presented to the Court that at least one of these incidents may have involved the use of a cell phone.  However, in light of the fact the Defendants have admitted Thomas was at fault in causing the accident and further admitted that Defendant Thomas was in fact utilizing his cell phone, albeit in a hands-free manner, at the time of the accident, any information from these three incidents is not relevant to any central issue in the case.[2]

As a final point, the Court does note that any photos on Defendant Thomas's cell phone from the date of the accident are discoverable and relevant.  Plaintiff is entitled to these photos, and Defendants are directed to attempt to secure the release of Defendant Thomas's cell phone from the Arkansas State Police within **twenty (20) days** for the limited purpose of extracting those photos.  The Parties are directed to find a mutually agreeable expert to take possession of that cell phone and extract any photographs or images taken on August 2, 2018.  Plaintiff will bear the burden of the extraction expense.

---

[1] Defendant McElroy utilizes a third party, SmartDrive Systems, Inc. "SmartDrive," to provide in-vehicle monitoring of its drivers.  SmartDrive installs cameras and other equipment in Defendant McElroy trucks to monitor driver actions.  This system will send "alerts" on certain parameters being met.  On three occasions, prior to August 2, 2018, SmartDrive notified Defendant McElroy of a possible driving infraction committed by Defendant Thomas while driving a vehicle.

[2] Based on the representations of Counsel at the Hearing on September 23, 2021, Plaintiff was fully able to question Defendant McElroy's representative about these three (3) instances of possible driving infractions by Defendant Thomas at a recent deposition.

3. **Conclusion**:

Based upon the foregoing, Plaintiff's Motion to Compel Discovery and Extend Deadline to Produce Rebuttal Expert Reports (ECF No. 133) is **DENIED** except as set out above.

**ENTERED this 27th day of September 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE