IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SAMANTHA EDWARDS, Individually,
and as SPECIAL ADMINISTRATRIX of
the ESTATE of WILLIAM BOBBY
WRAY EDWARDS, Deceased, and
ARLEIGH GRAYCE EDWARDS,
Deceased; and as PARENT and
NEXT FRIEND for PEYTON HALE, a Minor                                   PLAINTIFFS

v.                                  Civil No. 4:19-cv-4018

ERIC JAMES CORNELL THOMAS and
MCELROY TRUCK LINES, INC.                                              DEFENDANTS

**ORDER**

Before the Court is Plaintiffs' Motion for Partial Summary Judgment. (ECF No. 153). Defendants have filed a response (ECF No. 170), and Plaintiffs have filed a reply. (ECF No. 183). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

This wrongful death and survival action arose out of an August 2, 2018, two-vehicle accident that took place in Howard County, Arkansas. Defendant Eric James Cornell Thomas failed to obey a stop sign while driving a tractor trailer in the course and scope of his employment with Defendant McElroy Truck Lines, Inc. The tractor Mr. Thomas was operating collided with a truck driven by William Bobby Wray Edwards, in which Mr. Edwards' daughter, Arleigh, and stepson, Peyton, were riding. Arleigh was ejected from the cab of the pickup during the accident.

Mr. Edwards and Arleigh were killed as a result of the accident.

At the time of the collision, Arleigh was two years old and weighed less than sixty pounds. Although a child safety seat was located in the pickup on the date of the accident, it is undisputed that Arleigh was not restrained in any child passenger safety seat or any other passenger restraint system at the time of the collision. Mr. Edwards was also not wearing any passenger restraint device at the time of the accident.

For the purposes of this civil action, Defendant Thomas admits he was negligent in running the stop sign and that his negligence was the cause of the collision between the tractor trailer and the pickup. Defendant McElroy admits the same and admits it is vicariously liable for any injuries proximately caused by Mr. Thomas' negligence. However, both Defendants allege fault on the part of Mr. Edwards for failing to secure Arleigh in a child passenger safety seat as a defense in this action. Defendants seek to offer expert testimony at trial showing that if Arleigh had been properly restrained in a child safety device, she would not have been ejected from the pickup and would have survived the incident.

Plaintiffs previously filed a Motion for Summary Judgment arguing that Defendants' apportionment of fault defense is barred by Arkansas's Child Passenger Protection Act ("CPPA"), which prohibits parties from offering the failure to provide or use a child safety restraint as evidence of comparative or contributory negligence. (ECF No. 60). The Court denied the motion on the grounds that there was a genuine issue of material fact regarding whether Arleigh weighed sixty pounds, which would determine whether she was required to be secured in a child safety seat under the CPPA.[1] (ECF No. 86). However, the Court also noted that "if subsequent evidence

---

[1] *See* Ark. Code Ann. § 27-34-104(b), which states that "[a] child who is less than six (6) years of age and who weighs less than sixty pounds (60 lbs.) shall be restrained in a child passenger safety seat properly secured to the vehicle."

shows that Arleigh weighed less than sixty pounds at the time of the incident, the Court is unlikely to let Defendants argue at trial for apportionment of fault[.]" (ECF No. 86). It is now undisputed that Arleigh weighed less than sixty pounds. (ECF No. 171, ¶ 3).

In the Order denying Plaintiffs' original summary judgment motion, the Court declined to rule on Defendants' separate argument that the CPPA was unconstitutional under Arkansas law. Instead, the Court certified the following question to be answered by the Arkansas Supreme Court:

> Under the facts of this case, whether Ark. Code Ann. § 27-34-106(a) violates the separation-of-powers doctrine under article 4, section 2, and Amendment 80, section 3, of the Arkansas Constitution.

(ECF No. 93). The Arkansas Supreme Court held that the CPPA was not unconstitutional. *See Edwards v. Thomas*, 625 S.W.3d 226 (Ark. 2021).

After the Arkansas Supreme Court rendered its decision, Defendants filed an Amended Answer that again alleged defenses premised on the fact that Arleigh was not restrained in a child safety device at the time of the accident. Defendants specifically present the following defenses: (1) Mr. Edwards is at fault for Arleigh's death because he failed to secure Arleigh in a child safety restraint; (2) the failure to secure Arleigh in a child safety restraint was the proximate cause of Arleigh's death; and (3) claims relating to Arleigh's death are barred by the doctrine of failure to mitigate damages because Arleigh was not properly secured in a child safety restraint. (ECF No. 131). Plaintiffs have again moved for summary judgment with respect to each defense on the grounds that the CPPA precludes Defendants from introducing evidence that Arleigh was not restrained in a child safety device at the time of the accident.

## II. STANDARD

The standard for summary judgment is well established. When a party moves for summary

judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### III. DISCUSSION

It is undisputed that the Court, sitting in diversity, must apply the substantive law of Arkansas to this case. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The Eighth Circuit

4

has held that the CPPA is "a classic example of the type of substantive rule of law binding upon a federal court in a diversity case." *Potts v. Benjamin*, 882 F.2d 1320, 1324 (8th Cir. 1989). Accordingly, the Court will first outline the CPPA and the Arkansas Supreme Court decision regarding its constitutionality before turning to whether the CPPA entitles Plaintiffs to judgment on Defendants' child safety restraint defenses as a matter of law.

### A. CPPA

In general, the CPPA places a duty on motor vehicle operators to secure children less than six years of age and who weigh less than sixty pounds in a child passenger safety seat. *See* Ark. Code Ann. § 27-34-104. However, the CPPA also states that "[t]he failure to provide or use a child passenger safety seat shall not be considered, under any circumstances, as evidence of comparative or contributory negligence, nor shall failure be admissible as evidence in the trial of any civil action with regard to negligence." Ark. Code Ann. § 27-34-106(a). In addition to finding section 106(a) constitutional, the Arkansas Supreme Court specifically held that "section 27-34-106(a) is a legislative pronouncement that failing to use a child safety seat is not a negligent act and therefore cannot be used to compare the injured plaintiff's fault to the fault of the defendant. *Edwards*, 625 S.W.3d at 229. Additionally, the Eighth Circuit has also held that the CPPA "may [not] be skirted by claiming that" the failure to use a child safety restraint "is the 'failure to mitigate damages' rather than contributory negligence." *Potts*, 882 F.2d at 1324. The court in *Potts* specifically observed that by passing the CPPA, the Arkansas legislature adopted the policy that an apportionment of damages defense is inapplicable within the context of a failure to use child safety restraints. *Id*. Accordingly, courts should afford that policy "proper scope by refusing to permit a defense which, however denominated, would . . . undermine[] it." *Id.* at 1324-25.

Defendants acknowledge that the CPPA forecloses their ability to rely on child safety restraint nonuse to prove comparative fault.[2]  However, Defendants maintain that the CPPA does not bar them from introducing evidence of child safety seat nonuse to support their proximate cause and failure to mitigate damages defenses.  The Court will consider each defense in turn.

### 1. Proximate Cause

In a negligence case, plaintiff must prove that a defendant's negligent act was the proximate cause of plaintiff's injuries.  *See Scott v. Central Arkansas Nursing Centers, Inc.*, 278 S.W.3d 587, 595 (Ark. 2008).  "Proximate cause is defined as 'that which in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.'"  *Ouachita Wilderness Institute, Inc. v. Mergen*, 947 S.W.2d 780, 785 (Ark. 1997) (quoting *Craig v. Traylor*, 915 S.W.2d 257, 260 (Ark. 1996)).  "Although proximate causation is usually a question of fact for a jury, where reasonable minds cannot differ, a question of law is presented for determination by the court."  *Neal v. Sparks Regional Medical Center*, 422 S.W.3d 116, 121 (Ark. 2012).

Defendants oppose summary judgment on the grounds that there is a disputed issue of material fact regarding whether the lack of a child safety restraint proximately caused Arleigh's death.  Defendants acknowledge that Mr. Thomas's negligence caused the collision out of which Arleigh was ejected from the vehicle driven by Mr. Edwards.  However, Defendants maintain that Arleighs' lack of a child safety restraint was the proximate cause of her death because, but for the lack of a child safety restraint, Arleigh would have likely survived the collision.  Indeed,

---

[2] Because Defendants specifically claim comparative fault in their Amended Answer, the Court finds that, based on Defendants' concession, Plaintiffs are entitled to summary judgment on Defendants' comparative fault defense as a matter of law.

6

Defendants specifically argue that Mr. Edwards chose not to secure Arleigh in a child safety device and should have known that restraining Arleigh could save her from serious injury or death in the event of a car accident.

"The original act or omission is not eliminated as a proximate cause by an intervening cause unless the latter is in itself sufficient to stand as the cause of the injury." *State Farm Mut. Auto. Ins. Co. v. Pharr*, 808 S.W.2d 769, 771 (Ark. 1991). "The intervening cause must be such that the injury would not have been suffered except for the act, conduct, or effect of the intervening cause totally independent of the acts or omissions constituting the primary negligence." *Id*. "The mere fact that other causes intervene between the original act of negligence and the injury for which recovery is sought is not sufficient to relieve the original actor of liability if the injury is the natural and probable consequence of the original negligent act or omission and is such as might reasonably have been foreseen as probable." *Id*.

Plaintiffs argue that they are entitled to judgment on Defendants' proximate cause defense because Defendants have admitted that Mr. Thomas' negligence caused the collision in which Arleigh was killed, and there is no admissible evidence showing that any act or omission other than that collision caused Arleigh's death. The Court notes that Defendants' proximate cause defense is grounded entirely on evidence that Arleigh was not secured in a child safety restraint at the time of the accident. Therefore, Plaintiffs' argument on summary judgment turns entirely on whether evidence of child safety restraint nonuse is admissible to support a proximate cause defense under the CPPA. Indeed, if such evidence is admissible, whether the absence of a child safety restraint proximately caused Arleigh's death is certainly a question of fact for the jury. Accordingly, Plaintiffs are only entitled to summary judgment on Defendants' proximate cause

7

defense if the CPPA renders Defendants' evidence regarding Arleigh's lack of a child safety restraint inadmissible.

The Court finds that, based on the facts presented, evidence that Arleigh was not restrained in a child safety seat is inadmissible to show that the lack of such a safety device proximately caused Arleigh's death. Although denominated as a proximate cause defense, the evidence upon which Defendants attempt to create a genuine issue of material fact in support of that defense places blame for Arleigh's death directly on Mr. Edwards and his decision not to secure Arleigh in a child safety device. Indeed, Defendants specifically argue that the following establishes a genuine issue of material fact regarding their proximate cause defense: "(1) Bobby Edwards knew that Arleigh was not secured in her childseat shortly before the accident; (2) he chose to allow Arleigh to remain unsecured for what would have been an 8-mile drive; and (3) based on recent experience with another accident, he would have known that restraining Arleigh in a childseat could save her from serious injury or death in a car accident." (ECF No. 170, pg 13). Without more, the Court cannot discern any meaningful distinction between Defendants' proximate cause defense and one which apportions fault upon Mr. Edwards because both attribute Arleigh's death as being caused by, or the fault of, Mr. Edwards' failure to secure Arleigh in a child safety restraint.

As noted above, the Eighth Circuit has specifically held that a defendant cannot present a defense, "however denominated," which undercuts the policy articulated by the Arkansas legislature that the failure to use a child safety seat is insufficient grounds to apportion fault upon a plaintiff. *See Potts*, 882 F.2d at 1324-25. Defendants' argument that Arleigh's death was proximately caused by Mr. Edwards' failure to secure Arleigh in a child safety restraint apportions fault to Mr. Edwards for Arleigh's death, regardless of whether that apportionment of fault is

8

denominated as the "proximate cause" rather than being "at fault" for her death.

Based on the forgoing, evidence that Arleigh was not restrained in a child safety device at the time of the accident is inadmissible to show that the lack of a child safety restraint proximately caused Arleigh's death. The fact that Arleigh was not situated in a child safety restraint at the time of the collision is the sole grounds upon which Defendants oppose Plaintiffs' summary judgment motion. Therefore, there is no admissible evidence upon which Defendants can demonstrate a genuine issue of material fact with regard to their proximate cause defense and Plaintiffs are entitled to judgment on this defense as a matter of law. Accordingly, Plaintiffs' summary judgment motion is granted with regard to Defendants' proximate cause defense.[3]

### 2. Failure to Mitigate Damages

Defendants also argue that the CPPA does not apply to its defense that Arleigh's lack of a child safety device mitigates Plaintiffs' damages to such a degree that Defendants cannot be held liable for those damages. However, as noted above, the Eighth Circuit has specifically held that "§ 27-34-106(a) may [not] be skirted by claiming that the defense interposed is the 'failure to mitigate damages' rather than contributory negligence." *Potts*, 882 F.2d at 1324. Therefore, evidence that Arleigh was not restrained in a child safety device is inadmissible to show that Plaintiffs failed to mitigate their damages related to Arleigh's death. Because Defendants' failure to mitigate damages defense is premised entirely on Arleigh's lack of a child safety restraint, there is no admissible evidence upon which Defendants can show a genuine issue of material fact with regard to Defendants' failure to mitigate damages defense. Accordingly, Defendants are entitled to judgment on Defendants' failure to mitigate damages defense as a matter of law.

---

[3] The Court notes that nothing in this ruling should be construed as a ruling on Plaintiffs' affirmative burden to prove that Mr. Thomas' negligence was itself the proximate cause of the damages alleged.

## IV. CONCLUSION

The CPPA prevents Defendants from introducing evidence which apportions fault to Plaintiffs for Arleigh's death based on Mr. Edwards' failure to restrain Arleigh in a child safety device. Defendants' defenses of comparative fault, proximate cause, and failure to mitigate damages are all premised on evidence that Mr. Edwards failed to restrain Arleigh in a child safety device. Accordingly, Plaintiffs are entitled to judgment on these defenses as a matter of law.

Based on the forgoing, Plaintiffs' Renewed Motion for Partial Summary Judgment (ECF No. 153) is **GRANTED**.

**IT IS SO ORDERED**, this 3rd day of December, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge